**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br>**WAYLON MICHAEL SMITH,**<br><br>**Defendant.** | **Case No. 26-CR-030-JFH** |

**ORDER AND OPINION**

Before the Court is Defendant Waylon Michael Smith's Motion to Dismiss the Indictment on Constitutional Grounds ("Motion"). Dkt. No. 29. The United States of America ("Government") opposes the Motion. Dkt. No. 34. For the following reasons, Defendant's Motion is DENIED.

**BACKGROUND**

On March 10, 2026, a federal grandy jury indicted Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8). Dkt. No. 2. According to the Indictment, Defendant possessed a firearm and ammunition on April 21, 2025, after previously being convicted of a felony. *Id.*

**AUTHORITY AND ANALYSIS**

**A. Defendant's Facial Challenge to 18 U.S.C. § 922(g)**

Defendant first moves for dismissal of his Indictment, arguing that 18 U.S.C. § 922(g) is facially unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Dkt. No. 29 at 1, 3. Defendant acknowledges that Tenth Circuit precedent forecloses his argument, but he files his Motion to preserve the record for future appeal. *Id.* at 1.

In 2009, the Tenth Circuit held § 922(g)(1)—which prohibits individuals with felony convictions from possessing firearms—is a constitutional restriction on a convicted felon's Second

Amendment rights. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Over a decade later, in 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which concluded that the Second Amendment prohibits a state from requiring gun owners to demonstrate a special need to obtain a concealed carry license to carry a firearm in public. 597 U.S. 1, 70-71 (2022). In doing so, the Supreme Court set out a two-step test for determining whether legislation regulating the use or possession of firearms violates the Second Amendment. First, a court considering such a challenge must determine whether the Second Amendment's "plain text covers an individual's conduct." *Id.* at 24. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Then, in 2024, the Supreme Court applied that test in *United States v. Rahimi* to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. 680 (2024). The Court ultimately concluded that restriction passed constitutional muster. *Id.* at 702. In doing so, the Court recognized that it had "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, [the Court's] opinion [in *Heller*] stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.' " *Id.* at 699, 144 S.Ct. 1889 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Most recently, in 2025, the Tenth Circuit in *Vincent v. Bondi* explained that these two Supreme Court cases did not abrogate *McCane*'s prior holding that § 922(g)(1) is a constitutional restriction on a convicted felon's Second Amendment rights. 127 F.4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 146 S.Ct. 1768 (2026). *McCane*'s holding thus remains binding on this Court. Accordingly, Defendant's facial attack is foreclosed by *McCane* and *Vincent v. Bondi*.

**B. Defendant's Attack on the Indictment**

Defendant also argues that because the Indictment fails to identify the former felony conviction(s) that constitute an element of the charged offense, the Indictment is deficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1). Dkt. No. 29 at 7.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). The appropriate inquiry on a motion to dismiss an indictment is not whether the Government has presented sufficient evidence to support the charge, but rather whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *Id.* (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) and *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)).

Defendant is charged with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Dkt. No. 2 at 1. The elements of 18 U.S.C. § 922(g), are: (1) Defendant knowingly possessed a firearm; (2) Defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; (3) at the time Defendant possessed the firearm, he knew he had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year; and (4) before Defendant possessed the firearm, the firearm had moved at some time from one state to another. *See* Tenth Circuit Pattern Jury Instruction 2.44.

The Indictment here plainly sets forth the elements of § 922(g). The allegations contained in the Indictment, if true, are sufficient to establish a violation of the offense charged. The Court

further finds that the Indictment puts Defendant on fair notice of the charges against which he must defend and enables Defendant to assert a double jeopardy defense.

Finally, regarding Defendant's argument that he is unable to properly make an "as-applied" attack because the specific convictions are not listed in the Indictment, this argument is moot as Defendant's *Bruen* argument is foreclosed by binding caselaw discussed earlier.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Dkt. No. 29] is DENIED.

Dated this 8th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE